UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: YAMAHA MOTOR CORP. RHINO　　　Case No. 3:09-MD-02016-JBC
ATV PRODUCTS LIABILITY LITIGATION　　　MDL No. 2016

Tiffany Russell,
　　　Plaintiff

v.　　　Case No. 3:09-CV-581-JBC

YAMAHA MOTOR CO., LTD., ET AL.,
　　　Defendants

### MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of defendant Yamaha Corporation of America ("YCA") to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted and for insufficient service of process (R. 7) and upon the motions of defendants Yamaha Motor Corporation, U.S.A. ("YMUS") and Yamaha Motor Manufacturing Corporation of America ("YMMC") for insufficient service of process (R. 8, 9). The court, having reviewed the record and being otherwise sufficiently advised, will grant YCA's motion to dismiss because the plaintiff can prove no set of facts in support of her claims that would entitle her to relief against YCA. The court will deny YMUS and YMMC's motions to dismiss.

**I.　YCA's Motion to Dismiss**

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) can be granted only when the defendants establish beyond a reasonable

1

doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). Further, the court must consider the pleadings in the light most favorable to the plaintiff and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

The plaintiff's claim against YCA is fatally flawed. YCA distributes Yamaha brand musical instruments and audio/visual products and has no involvement with the design, manufacture, distribution, or sale of Yamaha Rhino vehicles. YCA had nothing to do with the Yamaha Rhino product that forms the basis of the plaintiff's claims, so even considered in the light most favorable to the plaintiff, the complaint includes no facts which would entitle her to relief. Because plaintiff's complaint fails to state a plausible claim for relief, and as the plaintiff failed to file a response to YCA's motion, the court will grant YCA's motion to dismiss. Moreover, because the plaintiff's claims will be dismissed pursuant to rule 12(b)(6), YCA's additional ground for dismissal — insufficient service of process — is moot.

**II.     YMUS AND YMMC's Motions to Dismiss**

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve defendants within 120 days after a complaint is filed. If a plaintiff shows good cause for failure to do so, the court must extend the time for service, but without good cause shown, a court has discretion to order more time for service of process. *See Johnson v. Hayden*, 229 F.3d 1152, 2000 WL 1234354, at *3 n.3 (6th Cir.

2000)(noting that "Rule 4(m) provides significantly more discretion for the district court to grant an extension of time to serve process than did the former Rule 4(j) . . . and no longer requires district courts to find good cause before granting such an extension.").

The plaintiff failed to serve process on YMUS and YMMC within the 120-day time period required by Rule 4(m).  Plaintiff's counsel was allegedly unaware of the delay and did not request or obtain leave of court to extend the time period for service of process.  Such request is not a prerequisite for extension under 4(m), and 6(b) motions in this context are "probably unnecessary" and "redundant" given the court's discretion under 4(m).  *See In Re Aredia and Zometa Products Liability Litigation*, 2007 WL 4376098, at *4 (M.D. Tenn. Dec. 13, 2007).  When plaintiff's counsel realized the jurisdictional defects in his original complaint and discovered his paralegal had not effected service of the original complaint as directed, he filed and served the amended complaint in roughly a month's time.  Plaintiff's original complaint was filed on February 2, 2009, and her amended complaint was filed on June 18, 2009.  Defendant YMUS was served on June 19, 2009, 17 days beyond the permissible service period, and YMMC on June 22, 2009, 20 days too late.

Although such inadvertence does not amount to good cause compelling this court to extend the time for service, the court exercises its discretion to retroactively order and accept such service 20 days after the original 120-day period.  *See also Vergis v. Grand Victoria Casion & Resort*, 196 F.R.D. 52 (S.D.

Ohio 1999)(granting a modest extension of time because such was contemplated in the 1993 Amendments to the Rule, the defendants had actual notice, and because it was in keeping with the Sixth Circuit's overall policy for resolving disputes on their merits). Defendants had actual knowledge of the subject of the claim, even if not of the actual lawsuit. The defendants' allegation that they will suffer prejudice from the few weeks' delay in serving the complaint does not persuade this court that dismissal is the proper course at this juncture. *See In Re Aredia*, 2007 WL 4376098, at *3 (granting enlargement of time without good cause for delay where the defendant was not prejudiced because it "could not help but be aware of a[n] [MDL] litigation of this magnitude"). This court will permit the plaintiff's case to proceed, instead of dismissing it at this early stage on procedural grounds.

### III.  Conclusion

Accordingly, **IT IS ORDERED** that YCA's motion to dismiss for failure to state a claim upon which relief can be granted and for insufficient service of process (R.7) is **GRANTED** and YCA is dismissed from this action.

**IT IS FURTHER ORDERED** that YMUS and YMMC's motions to dismiss for insufficient service of process (R. 8,9) are **DENIED**.

Signed on  October 7, 2009

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

4